UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HENRY LUKEN, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 1:24-cv-366 |
| v. | ) ) | Judge Atchley |
| VIASAT, INC., | ) ) | Magistrate Judge Steger |
| *Defendant*. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Viasat, Inc.'s Motion to Dismiss [Doc. 3]. For the following reasons, Viasat's Motion [Doc. 3] is **GRANTED**.

### I. BACKGROUND

Plaintiff Henry Luken owns a building located at 806 East Main Street in Chattanooga, Tennessee. [Doc. 1-9 at ¶¶ 1, 4]. On or about July 21, 2020, Luken and Viasat executed a "Rooftop Satellite Access Node Lease" ("Lease") which granted Viasat the right to install and operate telecommunications equipment on the roof of Luken's building. [*Id.* at ¶ 4]. Luken alleges that Viasat breached the Lease in a multitude of ways and that the Lease has terminated as a result. [*Id.* at ¶¶ 6–14]. But before Luken brought these claims to court, he presented them to Viasat. Viasat responded to these allegations by filing suit in this Court on September 18, 2024 (the "Viasat Lawsuit"). Complaint, *Viasat, Inc. v. Luken*, 1:24-cv-316, Doc. 1 (E.D. Tenn. Sept. 18, 2024).[1] In that case, Viasat alleges that Luken is manufacturing Viasat's alleged breaches in an effort to improperly terminate the lease. *Id.* It seeks declaratory and injunctive relief affirming the Lease's

---

[1] The Court may consider the allegations contained in the Viasat Lawsuit Complaint without converting the instant motion into one for summary judgment. "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

validity and requiring Luken to abide by its terms. *Id.* Luken responded with the instant lawsuit which he filed in the Circuit Court of Hamilton County on November 6, 2024 (the "Luken Lawsuit"). [Doc. 1-9 at 3].

Viasat subsequently removed the Luken Lawsuit to this Court and filed the currently pending Motion to Dismiss. [Docs. 1, 3]. In its Motion, Viasat asserts that the Luken Lawsuit should be dismissed because his claims should have been brought as counterclaims in the Viasat Lawsuit. [*See generally* Doc. 3]. Luken opposes this Motion and claims that the Court lacks subject matter jurisdiction over both cases. [Doc. 11]. Despite this, Luken has still filed a counterclaim in the Viasat Lawsuit wherein he brings the same claims that he is pursuing through the Luken Lawsuit. *Compare* [Doc. 1-9], *with* Answer and Counterclaim, *Viasat, Inc. v. Luken*, 1:24-cv-316, Doc. 15 (E.D. Tenn. Dec. 2, 2024).

## II.  STANDARD OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

III. ANALYSIS

In responding to Viasat's Motion to Dismiss, Luken has asserted that this Court lacks subject matter jurisdiction over both the Luken Lawsuit and Viasat Lawsuit. [Doc. 11]. Because subject matter jurisdiction "is a prerequisite for a court ruling on the merits of a case[,]" the Court will address this issue before turning to the merits of Viasat's Motion. *Thomas v. Hickory Hill Post Office*, No. 2:15-cv-02058-SHM-cgc, 2015 U.S. Dist. LEXIS 74343, at *3–4 (W.D. Tenn. Apr. 23, 2015), *report and recommendation adopted*, No. 15-2058, 2015 U.S. Dist. LEXIS 74492 (W.D. Tenn. June 8, 2015).

Viasat claims that the Court has jurisdiction over this matter pursuant under 28 U.S.C. 1332(a) "because there is complete diversity of citizenship between the parties and the amount-in-controversy exceeds $75,000, exclusive of interest and costs." [Doc. 1 at ¶ 17; *see also* Doc. 13 at 2–3]. Luken does challenge the parties' complete diversity but insists that the amount-in-controversy requirement has not been met. [Doc. 11 at 2]. This argument is without merit. The Lease underlying the parties' dispute—which was attached as an exhibit to the Complaint, is central to Luken's claims, and may be considered without turning the instant motion into one for summary judgment[2]—reflects that it covers an initial three-year term that automatically renews for an additional six three-year terms unless Viasat gives written notice of its election to not extend

---

[2] *MTD Prods. v. Am. Honda Motor Co.*, 627 F. Supp. 3d 867, 876 (N.D. Ohio 2022) ("A court can consider documents attached to either the plaintiff's complaint or the defendant's motion to dismiss if they are referred to in the complaint and central to the plaintiff's claims.").

the Lease, something that Viasat has not been alleged to do. [Doc. 1-9 at 11]. If the Court assumes that the initial lease term began the same day the parties executed the Lease, July 21, 2020,[3] then the parties would currently be in the Lease's first renewal term which would expire in July 2026. [*See id.* at 11, 29]. Thereafter, the Lease would automatically renew five more times. [*Id.* at 11]. Viasat's rent obligation under these five renewal periods alone would to more than $150,000 [*id.* at 11–12], far more than the $75,000 amount-in-controversy requirement set by 28 U.S.C. § 1332(a). Consqeuently, the Court finds that it subject matter jurisdiction over this case.

Having found that jurisdiction exists, the Court now turns to the merits of Viasat's Motion to Dismiss. Viasat arrests that the Luken Lawsuit must be dismissed because the claims it brings should have been brought as compulsory counterclaims in the Viasat Lawsuit. [Doc. 3 at 7–9]. "Federal Rule of Civil Procedure 13 permits, and sometimes requires, defendants to file counterclaims against an 'opposing party.'" *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc.*, No. 3:04-cv-0582, 2010 U.S. Dist. LEXIS 5554, at *20 (M.D. Tenn. Jan. 25, 2010). It states, in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a). Claims that fall within this definition are known as as compulsory counterclaims, and if a party fails to raise one when required by Rule 13(a), then he is forever barred from raising it in another case. *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation,*

---

[3] The Lease provided Viasat an "Option Period" during which it could decide whether to proceed with the rooftop lease. [Doc. 1-9 at 10–11]. Accordingly, Viasat's first lease term may have started later than July 21, 2020, which the parties' briefing actually suggests. [*See* Doc. 11 at 2; Doc. 13 at 2–3]. Nevertheless, as the Luken Lawsuit's Complaint does not state when the Lease's initial term began, the Court assumes that it began on the date the Lease was executed for purposes of determining whether the amount-in-controversy requirement is met.

*Inc.*, No. 1:21-cv-286, 2023 U.S. Dist. LEXIS 126952, at *6 (E.D. Tenn. July 24, 2023) (Atchley, J.). Here, none of the claims raised in the Luken Lawsuit require the presence of a third party over whom the court cannot acquire jurisdiction. Thus, whether the claims raised in the Luken Lawsuit should have been brought as compulsory counterclaims depends on whether they "arise[] out of the transaction or occurrence" that is the subject of the Viasat Lawsuit. *See* FED. R. CIV. P. 13(a). As is discussed below, they do.

In the Sixth Circuit, courts employ a "logical relationship test" to determine whether claims arise out of the same transaction or occurrence. *Sanders v. First Nat'l Bank & Tr. Co.*, 936 F.2d 273, 277 (6th Cir. 1991). Under this test, courts "determine whether the issues of law and fact raised by the claims are *largely* the same and whether *substantially* the same evidence would support or refute both claims." *Id.* (emphasis added) (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926)). If both of these prongs are satisfied, then the claims arise out of the same transaction or occurrence. *Id.*

Here, the Viasat Lawsuit alleges that Luken is attempting to improperly terminate the Lease by manufacturing breaches that Viasat did not actually commit. *See generally* Complaint, *Viasat, Inc. v. Luken*, 1:24-cv-316, Doc. 1 (E.D. Tenn. Sept. 18, 2024). The Luken Lawsuit is simply the other side of this dispute, alleging that Viasat committed the breaches that Viasat claims it did not. [*See generally* Doc. 1-9]. As these two lawsuits are nothing more than opposite sides of the same dispute, they will both undoubtedly entail largely the same (if not identical) factual and legal issues. Furthermore, the same evidence will be needed to support or refute the claims raised in each lawsuit. Given this, the Court finds that the claims raised in the Luken Lawsuit arise out of the same transaction or occurrence as the claims raised in the Viasat Lawsuit. *See Sanders*, 936 F.2d at 277. Therefore, the Court also finds that the claims raised in the Luken Lawsuit are

compulsory counterclaims that must be raised either in the Viasat Lawsuit or not at all. *See* FED. R. CIV. P. 13(a).

"'[O]nce a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action.'" *Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc.*, No. 1:21-cv-286, 2023 U.S. Dist. LEXIS 126952, at *6 (E.D. Tenn. July 24, 2023) (Atchley, J.). (quoting 6 Arthur R. Miller et al., Compulsory Counterclaims—*Effect of Asserting a Compulsory Counterclaim as a Claim in Another Action*, Fed. Prac. & Proc. Civ. § 1418 (3d ed.)). Luken has already pled the claims raised in the Luken Lawsuit as counterclaims in the Viasat Lawsuit. Answer and Counterclaim, *Viasat, Inc. v. Luken*, 1:24-cv-316, Doc. 15 (E.D. Tenn. Dec. 2, 2024). Therefore, there is no reason to stay the instant proceedings, and this action is **DISMISSED WITHOUT PREJUDICE** to Luken pursuing his claims in the Viasat Lawsuit.

## IV.    CONCLUSION

For the foregoing reasons, Viasat's Motion to Dismiss [Doc. 3] is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** to Luken pursuing the claims raised herein in the Viasat Lawsuit. A separate judgment order will enter. The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**